Green, J.
delivered the opinion of the court..
The tract of land in controversy was levied on as the property of Paris, by virtue of several executions against him, and was sold to the defendant .in error, Burger; who received ..a deed from the Sheriff,' arid .'now prosecutes this action of ejectment to obtain possession., "
The defendant attempted to prove, that he had paid Burger the monies he was entitled to receive iri redemption of the land, .but the court said,- “the parol transaction- between the parties *326 concerning the redemption could not be considered in this action. The judgment, execution, levy and sale, and the Sheriff’s deed to Burger, conveyed the legal title to him, notwithstanding any parol redemption.” A judgment was rendered for the plaintiff, and the defendant appealed to this court.
It is insisted by the counsel for the plaintiff in error, that the sale of land by virtue of an execution, and a conveyance by the Sheriff, vests in the purchaser an estate upon condition only, which condition being complied with, as prescribed in the act of 1819, ch. 11, the condition is saved, and the person redeeming, becomes the legal owner to every intent.
We think the title obtained by a purchaser at execution sale of land, under the redemption law of 1820, is very different from that which exists, where there is a mortgage or pledge. The mortgage is a mere security for the debt, and the mortgagor is looked upon as the real owner, until the condition be broken- If the security be lost, the debt remains.
But the act of 1820, does not convert the purchaser at execution sale into a mortgagee; he becomes absolute owner of the property; and should it be lost, he loses the money he paid the Sheriff on his purchase.
If a tender or payment of the purchase money be made, it is the duty of the purchaser to reconvey to the debtor. But the legislature did not contemplate that this act in pais should re-vest the debtor with the legal title.'
In the case of Hawkins vs. Jamison, (Mar. & Yerg. Rep. 83,) this question is elaborately discussed by Judge Crabb; and the court decide, that the tender or payment of the purchase money and interest, according"-to the provisions of the act of 1820, did not revest the debtor with the title to a negro, so as to enable the party to maintain trover for the recovery of such property. The court say, “the purchaser is the legal owner of the property, subject to the right of. the debtor, &c., to repurchase it.” This is an equitable right, and can only be enforced in a Court of Equity, if the purchaser refuse to reconvey.
Affirm the judgment.